UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR ODALE BROCKMAN,

        Petitioner,

                                    Civil Case No. 16-13441

v.                                      Honorable Linda V. Parker

MARK MCCULLICK,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [8], DISMISSING THE HABEAS PETITION [1], AND DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL [7] AND TO COMPEL DISCOVERY [11]

This matter came before the Court on Petitioner Omar Odale Brockman's pro se habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court are Petitioner's motions for appointment of counsel and to compel discovery and Respondent Mark McCullick's motion to dismiss the petition for failure to comply with the statute of limitations. For the reasons given below, the Court is granting Respondent's motion, denying Petitioner's motions, and dismissing the petition with prejudice.

## I. Background

Petitioner and his brother were tried jointly before a judge in Wayne County Circuit Court. The evidence at trial established:

> Both [Petitioner] and his brother Kendale Brockman went to the victim's house ostensibly to collect a debt. They entered the house. They beat the victim for twenty to thirty minutes. During the course of the beating they kept asking, "Where's my money?" The[] eyewitness testified that the victim may have been punched fifty times. The witness then testified that both defendants kicked and punched the victim, who did not fight back. The witness testified that there was blood on the victim and the walls of the house. That evidence matched the evidence presented from the autopsy that the victim suffered a laceration to the back of his head and other abrasions.
>
> After the assault ended both defendants left the house. Omar removed the victim from inside the house to the outside of the house. The victim jumped in a car to flee from the scene. Five or six gunshots were fired at the victim. There was no evidence of close range firing. An eyewitness testified that Omar held a gun when he re-entered the house after the shooting.

Op. and Order Den. Def.'s Mot. for Relief from J, *People v. Brockman*, No. 07-004028-01, (Wayne Cty. Cir. Ct. Apr. 8, 2014) (unpublished) (ECF No. 9-9.) The victim died of a gunshot wound to his left hip. (4/25/07 Trial Tr. at 70, ECF No. 9-3 at Pg ID 395.)

At the conclusion of the trial on April 30, 2007, the trial judge found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm, Mich. Comp. Laws § 750.227b. On May 25, 2007, the trial court sentenced Petitioner as a third felony offender to two years in prison for the felony-

firearm conviction, followed by concurrent prison terms of twenty-five to seventy years for the murder conviction, twelve to twenty years for the assault conviction, and five to ten years for the felon-in-possession conviction.

Petitioner appealed his convictions through appointed counsel, arguing: (1) there was insufficient evidence at trial to support his murder and firearm convictions; (2) he received ineffective assistance of trial counsel; (3) his Fifth Amendment right not to be placed in double jeopardy was violated when he was convicted of second-degree murder and assault with intent to commit great bodily harm; and (4) his sentence for second-degree murder was based on inaccurate information.   The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Brockman*, No. 278616, 2008 WL 4291668 (Mich. Ct. App. Sept. 16, 2008) (unpublished).  On February 24, 2009, the Michigan Supreme Court denied Petitioner's pro se application for leave to appeal.  *People v. Brockman*, 760 N.W.2d 478 (Mich. 2009) (table).

Over four and a half years later, on December 3, 2013, Petitioner filed a motion for relief from judgment in the trial court.  He raised thirteen claims, including several challenges to the state trial and appellate courts' jurisdiction, the admission of certain evidence, and his trial and appellate attorneys' representation of him.  The trial court denied Petitioner's motion, and the Michigan Court of

Appeals denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Brockman*, No. 322657 (Mich. Ct. App. Sept. 4, 2014). On June 30, 2015, the Michigan Supreme Court denied Petitioner leave to appeal for the same reason. *People v. Brockman*, 865 N.W.2d 27 (Mich. 2015) (table).

On September 15, 2016, Petitioner signed and dated his federal habeas corpus petition, and on September 20, 2016, the Clerk of the Court filed the petition. Petitioner subsequently moved for appointment of counsel and to compel discovery. In his petition, Petitioner raises the following as grounds for relief: (1) the state district court and circuit court lacked jurisdiction, (2) the improper admission of expert testimony deprived him of a fair trial and due process of law, (3) trial counsel was ineffective for failing to object to the admission of expert testimony, and (4) appellate counsel deprived him of effective assistance on direct appeal. (*See* ECF No. 1 at Pg ID 10.)

Respondent filed a motion to dismiss on March 27, 2017, arguing that Petitioner's claims are time-barred. Petitioner replies that his petition is timely because he did not become aware of the factual predicate for his claims until he acquired a copy of his criminal file in April of 2013.

## II.  Analysis

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for state prisoners to file their federal habeas corpus petitions.  *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016), *cert. denied sub nom. Woods v. Holbrook*, 137 S. Ct. 1436 (2017).  The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

## B.  Delayed Starts

Petitioner is not relying on a new constitutional rule. 28 U.S.C. § 2244(d)(1)(C).  However, he argues in favor of a delayed start to the limitations period under § 2244(d)(1)(D).  He claims that he did not discover the factual predicate for his claims until he acquired a copy of his criminal file in April 2013.

"Section 2244(d)(1)(D) requires a habeas petitioner to file a claim within one year of the time in which new evidence 'could have been discovered through the exercise of due diligence.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting 28 U.S.C. § 2244(d)(1)(D)).  "[T]he time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner" and "not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (quoting 28 U.S.C. § 2244(d)(1)(D)); *see also Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (quoting *Owens*).

All of Petitioner's claims were discoverable with reasonable diligence before the statute of limitations began to run.  Whether the state district court and circuit

court had jurisdiction of Petitioner's criminal case could have been discovered before trial. Trial counsel's alleged error should have been obvious at trial, and appellate counsel's acts or omissions should have been apparent after the appeal of right came to an end. Thus, § 2244(d)(1)(D) is not a valid basis for delaying the start of the statute of limitations.

Petitioner also implies that he is entitled to a delayed start to the limitations period because state officials hindered his ability to acquire his state court file, including transcripts and documents. Under § 2244(d)(1)(B), the limitations period can begin to run on the date when "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). The issues here are whether state officials deprived Petitioner of his constitutional rights when they denied his requests for a copy of his court file and whether the delay in acquiring the file prevented Petitioner from filing a timely habeas petition.

Petitioner was represented by counsel in his appeal of right, and an exhibit to Petitioner's response (labeled a "reply") to Respondent's motion to dismiss indicates that appellate counsel received a free copy of transcripts and other court documents. (*See* ECF No. 10 at Pg ID 1069.) Petitioner was not entitled to his

own personal copy of the transcripts. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973); *Gay v. Watkins*, 579 F. Supp. 1019, 1022 (E.D. Pa. 1984). Further, the constitutional right to due process "does not establish any right to collaterally attack a final judgment of conviction." *United States v. MacCollom*, 426 U.S. 317, 323 (1976). To the extent Petitioner wished to mount a "fishing expedition" for errors, he was not entitled to transcripts so that he could search for new post-conviction claims. *Corrigan v. Thoms*, 55 F. App'x 754, 756 (6th Cir. 2003) (citing *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970)).

The Court concludes that the state officials' denial of Petitioner's requests for a copy of his court file did not amount to unconstitutional state action.[1] Their conduct also did not create an impediment to filing a timely habeas petition, as Petitioner could have filed a timely habeas petition and then sought a stay of the federal proceedings while he attempted to acquire his criminal file and pursue state remedies. Notably, as discussed *infra*, even after obtaining his criminal file and exhausting his state court post-conviction remedies, Petitioner waited over a year to file his federal habeas corpus petition. Thus, § 2244(d)(1)(B) is not a valid basis for delaying the start of the statute of limitations.

---

[1] Petitioner indicates that he eventually was able to obtain the records he sought by encouraging his family to get involved and request the records from the trial court. (ECF No. 10 at Pg ID 1027-28.) The trial court provided Petitioner's family access to the court file. (*Id*.) Nothing suggests that state action prevented Petitioner from obtaining the records earlier than 2013 through this route.

## C. Section 2244(d)(1)(A)

Because Petitioner is not entitled to a delayed start to the statute of limitations, his convictions became final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court has instructed:

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

Petitioner did not apply for a writ of certiorari in the Supreme Court, and his deadline for doing so according to the above rule expired on May 25, 2009. At that point, Petitioner's convictions became final. The statute of limitations began to run on the following day, and it expired one year later on May 25, 2010.

Although the limitations period is tolled under § 2244(d)(2) for the time during which a properly filed post-conviction motion is pending in state court,

Petitioner filed his motion for relief from judgment on December 3, 2013. This was over three and a half years after the statute of limitations expired. The motion did not revive the limitations period or restart the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). In other words, the tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259.

Petitioner appears to believe that the limitations period did not begin to run until June 30, 2015, when the state courts concluded their review of his post-conviction motion. (*See* ECF No. 1 at Pg ID 10.) However, the statute of limitations began to run at the expiration of the time for seeking *direct* review, not the conclusion of state collateral review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez,* 565 U.S. at 150. Even if Petitioner were correct in arguing that the statute of limitations began to run when the Michigan Supreme Court denied leave to appeal on state collateral review, he waited more than a year to file his habeas petition after the Michigan Supreme Court's decision on June 30, 2015. The limitations period was not tolled during the time Petitioner could have appealed the state

court's denial of his post-conviction motion to the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329, 332 (2007).

### D. Equitable Tolling

"AEDPA's limitations period is subject to equitable tolling." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). Nevertheless, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.' " *Keeling,* 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Here, even if the Court were to assume that Petitioner was diligent in pursuing his rights, he has not shown that some extraordinary circumstance prevented him from filing a timely habeas petition. As noted above, he could have filed a habeas petition at the conclusion of direct review and sought to have his habeas petition held in abeyance while he attempted to acquire a copy of his criminal file and pursued additional state remedies.

Furthermore, even if the Court equitably tolled the limitations period until the conclusion of Petitioner's post-conviction proceedings in state court, Petitioner then waited more than a year to file his habeas petition. Thus, equitable tolling would not benefit Petitioner even under a generous reading of the law.

### E.  Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *Perkins*, 133 S. Ct. at 1928. The Supreme Court has cautioned, however, "that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' "  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner does not claim to be innocent. Therefore, he is not entitled to pass through the "actual innocence" gateway and have his claims heard on the merits. "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made."  *Id*. at 1933.

## III. Conclusion

Petitioner filed his habeas petition more than a year after his convictions became final, and he is not entitled to a delayed start of the limitations period. He also is not entitled to equitable tolling of the limitations period, and he has not made a tenable claim of actual-innocence that entitles him to have his claims heard on the merits.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the habeas petition (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Petitioner's motions for appointment of counsel (ECF No. 7), and his motion to compel discovery (ECF No. 11) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal if he appeals this decision, because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

s/ Linda V. Parker

LINDA V. PARKER

U.S. DISTRICT JUDGE

Dated: September 15, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 15, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury

Case Manager